Good morning, I'd like to reserve two minutes for rebuttal. Consistent with the briefing, I'll refer to my client as New Century Mortgage Corporation. My name is Dan Gibbons. This matter involves a priority dispute. New Century Mortgage Corporation provided a loan to the debtors for the refinancing of their home and in doing so obtained a deed of trust. The respondent, Rose Townsend Trust, holds four judgments. Two of those judgments were entered in state court, two were entered in bankruptcy court. One of the state court judgments was recorded with the Spokane County Auditor. The other three were not recorded. The facts here are generally undisputed. We're generally making legal arguments only. What we're asking the court to do is to reverse the district court, reverse the bankruptcy court, and remand this proceeding to the bankruptcy court for the proceedings. Let me ask you a question, counsel. Did your client, who really was a mortgagor in April of 2005 after a mortgage also in October of 2004, have absolutely no knowledge about this bankruptcy? They knew about the bankruptcy. Well, there's been three bankruptcies between the two chapters. Chapter 7 for Johnston in 1999 and there's a bankruptcy for both of them that came later in October of 2005, but the 99 was not discharged, was it? The discharge was revoked, I believe. Your question was whether my client had knowledge of the new century received did not show any of these judgments. I don't believe it shows. A judgment is different than the bankruptcy proceeding. That's correct, Your Honor. Yes, so you had no knowledge of the earlier judgments and you had no knowledge of the bankruptcy, of the first bankruptcy proceeding? I believe that's correct. Even though it hadn't been discharged? The evidence in the case. Did your client knowledge pertain to new century or Deutsch? Actually, I've been referring to you as Deutsch. And I understand why. I have been referring to my client for upwards of three years as new century mortgage broker. Frankly, Deutsch got an assignment of the new century mortgage, correct? It was securitized, yes. Right. Did they just step in the shoes of? I'm sorry, Your Honor? They just stepped in the shoes of new century? Yes. So why should you be given priority over the earlier liens? First we have to look at the validity of the liens. That's the first thing we have to examine in a priority dispute. What this argument, my first argument focuses on is those three unrecorded judgments. Under Washington law, specifically RCW 6.13090, a judgment must be recorded in order to attach a lien to the debtor's homestead. That did not occur for those three unrecorded liens. Does it make any difference that when it got to the bankruptcy proceeding, that at the end, the bankruptcy court said, well, this may have been homestead property, but I'm not recognizing the debtors aren't going to get any of their homestead exemption benefit? It was a homestead up until the point that the bankruptcy court decided that the debtors were not entitled to their homestead exemption. Well, it looks like the bankruptcy court just did a little bit of equity, saying you already, you got so much out of refinancing of this property that it's unfair to give you. The debtors did, and I want to emphasize that I represent a creditor in this case. I don't represent the debtors. No, I know. I mean, the bankruptcy court was saying to the debtors. They were punished for their actions, is how I would describe it. I don't quite say punished, because there's nothing certainly wrong about refinancing your property. Their homestead exemption was taken away. Right. That's what occurred. The bankruptcy court just thought it was unequitable to give them another $40,000 after they already had refinanced it to get, what was it, about $100,000? I think that's an accurate way of characterizing the bankruptcy court's ruling. But it was nonetheless homestead property under Idaho? 6.13090 RCW. Washington Law. Washington Law, yes. Right. It was a homestead property. It was a homestead up to that point. The debtors had always claimed it as their homestead, both in the 1999 bankruptcy and in the 2005 bankruptcies. We have to start by looking at the validity of the lease. Let me ask you this. What's the purpose of that recording requirement? It's to protect debtors. Simply to protect the debtor? Originally, if we go back... On notice? I'm sorry? Isn't it to put other creditors on notice so that... It would certainly put other creditors on notice because you would have a filing recorded in the county auditor's office. To answer your question, we would have to go back to prior versions of the Homestead Act where you actually had to go and file your homestead before a judgment... In the old days, you had to file a homestead declaration. That's correct. Fill it all out. Yes. File it. Nowadays, that's all... Prior to the mortgage, correct? I'm sorry, Your Honor. And in the old days, the homestead had to be filed prior to the previous mortgage in order to come in ahead of it? I don't know the answer to that. I know that now you can consensually bargain away your homestead. So when you sign your home loan papers and you provide your mortgage lender with a deed of trust, they are first instead in front of you. Right, but you can still... But under the statute nowadays, as it exists, you can still claim. Yes. If there's ever a false sale of your homestead property... It would protect you against judgment creditors. Right. You can consensually bargain away your homestead. Right. Vis-a-vis your mortgage, the mortgage order. That's correct. There was another question that I didn't see. Maybe it's just not in this record. Was the North American mortgage ever satisfied? I mean, was there a satisfaction recorded? I don't know that there was a satisfaction recorded. So it still was as of record? I don't... That's a 1994 mortgage. I could... It would appear... A satisfaction would appear in the title reports. And I cannot recall right now whether a satisfaction was actually filed. They were paid in full. There was two refinances. I understand they were paid in full. But I thought that might be important to other creditors. I don't believe it's ever been in question that that debt was satisfied. I don't know if the satisfaction was filed. So let me ask you this, practically. What's the result if you prevail here? The result, if we prevail, is that the three unrecorded judgments are not liens. We don't have to consider them. They're not part of the priority rule. They're not part of the equation. If we prevail, ultimately, including if we prevail on the waiver, we would be first ahead of the Townsend Trust completely. The one recorded judgment would be waived under equitable subrogation. We would be prior to the extent of $241,480, which was the amount paid to the first lender, North American. Yes? Isn't there a genuine issue of material fact on the equitable subrogation? I don't believe there's an issue of material fact on equitable subrogation. What about a question of material prejudice? I don't believe there would be any material prejudice because what the law says is that the way we deal with any material prejudice is to look at, well, there might be. What the law says is we look at the amount that was paid to satisfy the first lender. That's what you're entitled to if the amount of the loan has changed. There could be a material issue of fact as to about $18,000 that was paid to other creditors at the time of that first refinancing. We don't have a developed enough record to understand exactly what that money was for. Were those judgments that were recorded that attached as liens on the residence? We don't know that based on this record. If we agree with you on the first point, do we even need to get there? If you agree with me that the three unrecorded judgments are not liens, there's still one lien. We still have a priority dispute between New Center's deed of trust and that one recorded judgment. We believe we have to decide whether we would do that either under the argument that you could get it because you would step in the shoes of the first mortgagor or that they waived it, or not necessarily waived it, but that they traded it. Yes. That's right. We've covered all of my points. Unless you have further questions, I'll reserve my remaining time for rebuttal. All right. Thank you, Counsel. Good morning. May it please the Court. I'm Scott Smith. I represent the Rose Townsend Trust. It's the trust position that the Washington statutes are clear, RCW 4.56.200.1 and 4.56.190, provide that when a judgment is entered by the court, it attaches to all property within the jurisdiction of the court immediately. Why is that? It doesn't apply to homesteads. Your Honor, I submit that it does. The judgment attaches because the difference is attachment and perfection. You can still have a judgment attached. With respect to homestead property, you can perfect that by recording. With respect to properties outside of the county of where the real property is situated, you can subject that property to a lien by recording in the other counties. I think that's the practical application of the way these statutes work. Where do you find legal support for that reading of the statute? I think that comes out of the Stablefish case because that case specifically states in it that it discussed the situation and stated specifically that the legislature in 1988 considered and rejected making recording of judgments a requirement. That's the Stablefish case. In effect, they said that they rejected the argument that a judgment must be recorded in the county's auditor's office to be effective against subsequent purchasers of a judgment debtor's property. Did that case address homestead property? That was a non-homestead property, Your Honor. That's why one of the difficulties in applying the law to this particular case is... Homestead property seems to have different treatment. In terms of... And I think to address that, Your Honor, you have to look at the situation of whether you're a creditor or a debtor. In this instance, the debtor would be the one who could stand and challenge that the lien didn't attach under foreclosure circumstances with the debtor. Take a look at Section 6.13.090. It specifically discusses judgments against the owner of a homestead and talks about when it becomes a lien and to what extent it becomes a lien. I don't see how you can say that it doesn't apply to judgments. And that's because of RCW 4.56.200. I think you start there as a starting point and then if you're dealing... Why don't you start there and not with the more specific statute that's tailored to the nature of the property that you have at issue? Because the more specific statute in this instance addresses the situation for a debtor, how much is a debtor's entitled to protect under the homestead statutes. That doesn't determine the lien priority per first-in-time and attachment. But as a judgment creditor, you can't get anything out of the homestead property unless there's an excess. And you don't get that unless you've recorded your judgment. That's correct. Yes, you would have to record your judgment. In this case, the first state court judgment was recorded. And I also want to point out that all of these... You don't have a lien on that excess amount until you record your judgment. You have a lien on the property, but when the property is sold and proceeds are generated, you would not have a lien on that if your judgment was not recorded. And keep in mind, too, I do want to point out that and the bankruptcy court didn't have to decide this, but the four judgments at issue here were in place before the... I call it the Merriquest lien. The... Financing by Merriquest. Let me ask you a question. That's why I asked counsel this question. Was the new American... Or was the North American mortgage ever documented as satisfied? I believe there's a reconveyance in the chain of title, Your Honor. Well, I looked. Couldn't find it. You know, I looked at that yesterday, Judge, and maybe I'm just not... Well, I... If you didn't see it, then it probably is not indicated. That's a worry to me because that would give certainly all creditors an idea that it still sits there. It would not have been satisfied until after this whole thing would have happened with bankruptcy because the Merriquest refinancing didn't happen until October 2004. So at the point when all these judgments were being given to Townsend, at the point where there was a bankruptcy and a residence and a discharge and a motion to revoke, clear up to the point of the bankruptcy court judgments, there were still a mortgage to North American for 284,400 because it wasn't even satisfied until after that. That's correct. So when one was getting all these judgments, one would have had full knowledge that the North American mortgage was there. And that's correct. So then one doesn't file his mortgage or his judgment. One relies on a statute that suggests that as to entry is enough. And then, without knowledge to the original mortgagor or the one buying them out, the bankruptcy is not given notice to them. The judgments are not given notice to them. And the refinancing occurs. Is that what you're telling me? Well, the judgments were in place. We learned about the refinance during one of the latter bankruptcies. That's how we learned the refinance. Okay, let me ask you another question. Why is the first mortgage which was recorded or the first judgment which was recorded not assigned in getting the default judgments? Why was it not given up? When the default judgments were assigned to your client in consideration of waiving the claim, why is it not then eliminated? Well, first of all, there's no... The assignment of record is signed by the bankruptcy trustee. There's no signature by the Rosetown Sun Trust in that. What they did is there was a nominal... Cited? There was a nominal amount. No, no, there's no signature. That's just simply a statement by the trustee. Well, I appreciate that. But I was trying to look at the record. If I look at the record and look at the documents that were there, I mean, here's what I read in the documents which gives me some worry. Jack R. Reeves, attorney for Chapter 7 trustee, in consideration of the assignee waiving its claim filed in the above estate, does hereby assign, transfer, convey over to Rose the judgment. In other words, the documents that I have in front of me suggest Townsend was waiving its claim. And if you're talking about the judgment, the answer to that is no. It was waiving its proof of claim so that the bankruptcy... Why give you a bankruptcy judgment? Why assign you any of these judgments in this particular instance? Why assign you the excess default judgment that had come if they're not getting anything out of it? There was cash paid for those judgments as well as release of the proof of claim because the Townsend trust was... Well, I've dealt with the trustee enough times to know he's even big on even making sure my I's are dotted and my T's are crossed or I lose something. So why would the trustee give you this these default judgments for nothing? Well, the bankruptcy trustee did not want to pursue collection of the judgments. Well, the bottom line is if they waive the claim aren't you in fact waiving then your right to be first on this? Well, first of all, I would disagree that we waived the claim. So you're saying he just put that in there and you had no consideration and didn't ever have anything you gave up? The Townsend trust was the major creditor in this bankruptcy. Probably 90-95% of the debt was owed to the Townsend trust. And so it was really a distinction without a difference. Why isn't that just a windfall to you? Pardon me? Why isn't that just a windfall to you if we were to agree with you that you didn't give anything in exchange in consideration of the judgments? Well, I don't see that as a windfall in the sense that you have a judgment the first judgment that's recorded the second judgments are out there because of the debtor's conduct in receiving the inheritance that we weren't able to receive. By assignment of those judgments it allows us to proceed against those to make the trust whole. Can I ask you this is off the case but do you have something in your briefcase that's beeping? No. Is anyone in that side of the room? I thought it was the No. We've had several people come in and they were maybe thinking it was Can I take that out of the program for a moment? Well, is there a marshal here that could Can we do it after the argument? Why don't we do it after the argument and then Mr. Smith can go with you. I'm not aware of anything in there. Is that speaking? Yes, it is. It's a computer up there. Oh, it's a computer. Oh, okay. They made me turn it on when I came in. I guess I didn't get it turned off so I apologize for that. All right. Well, thank you, counsel. Thank you. I appreciate your argument. Just a few points. As you pointed out, Your Honor, Sablefish is not a homestead case. Would you just address his argument about perfection versus priority? This is in Article 9. There is not an attachment and a perfection requirement like we have in Article 9. To attach a lien to the homestead, you've got to file it. There is no perfection and attachment. It's just attachment and that's all you do. Priority, the rule is first in time, first in right. If we just look at the dates, yes, the one recorded judgment, that did come first in time. Arguments to defeat that are the ones we've talked about. Waiver and equitable subrogation. Thank you, Counsel. Rose Townsend Trust vs. Deutsche Bank
judges: Wardlaw, Paez, Smith N. R.